**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **EDMUND SMALL, et. al** | | |
| **Plaintiffs,** | ) | |
| v. | ) | **Civil Action No. 14 CV 3469** |
| **CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT** | ) | |
| **Defendants.** | ) | |

**RELATED CASE STATEMENT**

Pursuant to the Clerk's Order dated May 29, 2014, plaintiffs respectfully submit the following Related Case Statement. To plaintiffs' counsel knowledge, the above-captioned case is **not** related to any cases that are now pending either before this Court or on appeal. Accordingly, pursuant to Rule 13 of the Rules for the Division of Business Among District Judges of the Rules for the U.S. District Court for the Southern District of New York, this case is not presumptively related to any other case.

This case does involve some, but not all, of the same parties as two cases that were previously pending before the Honorable Shira A. Scheindlin: *Mullins, et al. v. City of New York*, Case No. 04-cv-02979 and *McInnis v. City of New York*, Case No. 12-cv-02957. Those cases were settled and are no longer pending in this Court.

*Mullins* and *McInnis* involved the general issue presented here of whether the defendants have failed to comply with the overtime requirements of the Fair Labor Standards Act (FLSA) with respect to overtime compensation for the police sergeants working in the New York Police Department. More specifically, in *Mullins*, the City claimed, and the Court initially found, that the sergeants were "executives" under section

213(a) of the FLSA, 29 U.S.C. § 213(a), who were therefore exempt from the overtime pay requirements of the FLSA. The U.S. Court of Appeals for the Second Circuit, however, reversed this decision in *Mullins v. City of New York*, 653 F.3d 104 (2nd Cir. 2011), *cert. denied*, 132 S. Ct. 1744 (2012), and held that the New York City police sergeants are covered by the overtime protections of the FLSA. On remand, on June 4, 2012, Judge Scheindlin approved the parties' joint stipulation regarding how to proceed with discovery with respect to the plaintiffs' damages. (Doc # 201). Thereafter, with the assistance of Magistrate Judge Andrew Peck, the parties settled the damages issues in the case and Judge Scheindlin entered an Order on November 19, 2012, approving the parties' settlement agreement and dismissing the case. (Doc. # 234).

Subsequent to the settlement in *Mullins*, the parties entered a settlement agreement in *McInnis* along the same lines on which the parties settled the *Mullins* case. Judge Scheindlin approved the settlement agreement in *McInnis* on October 25, 2013, and the case was dismissed. (Doc. # 16).

Rule 13 of the Rules for the Division of Business Among District Judges provides that civil cases will be deemed related "when the interests of justice and efficiency will be served." Rule 13(a)(2)(A) provides that civil cases, such as the instant case, will not be deemed related merely because they involve common legal issues or the same parties. Rule 13(a)(2)(B) provides that civil cases, such as the instant case, "presumptively shall not be deemed related unless both cases are pending before the Court."

As explained above, the instant case is unrelated to any pending case before this Court. With respect to *Mullins*, which was dismissed pursuant to a court-approved settlement agreement in 2012, the defendants are the same, but the majority of plaintiffs

are different. The primary issue in *Mullins* that was litigated before Judge Scheindlin was whether the police sergeants fell within one of the exemptions to the FLSA. The Second Circuit resolved that issue. Although Judge Scheindlin did approve a Joint Stipulation regarding damages and how discovery and trial on damages would proceed, the parties were able to resolve the case without further involvement of the Court other than to approve the parties' settlement agreement.

It has been over eighteen months since the *Mullins* case was dismissed. According to the plaintiffs' complaint, the defendants still are not in compliance with the overtime requirements of the FLSA. Plaintiffs do not know whether the defendants will now somehow claim compliance with the FLSA or whether defendants will now attempt to challenge the plaintiffs' claims for backpay and liquidated damages accruing from defendants' failure to comply with the FLSA. Judge Scheindlin's involvement with the case in *Mullins* did not involve these issues other than to approve a joint stipulation on discovery and trial, and to approve the parties' settlement agreement.

Plaintiffs' counsel does not believe that this is sufficient for the case to meet the test for relatedness with respect to previous cases that are now closed. Nonetheless, should this Court deem this case to be related to either of the now settled *Mullins* or *McInnis* cases, obviously plaintiffs have no objection to Judge Scheindlin being assigned to hear this case.

Accordingly, in response to this Court's Order, plaintiffs respectfully submit this Related Case Statement.

Respectfully submitted,

Gregory K. McGillivary (SSN: 0280)
Sara L. Faulman (SF 9778)
WOODLEY & McGILLIVARY
1101 Vermont, N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855

Attorneys for Plaintiffs

Stephen P. Younger (SY 0120)
William Schmedlin
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

Of Counsel

**CERTIFICATE OF SERVICE**

This is to certify that one true and accurate copy of Related Case Statement was served by electronic mail on the following defendant on this 2nd day of June, 2014:

Andrea O'Connor
Corporation Counsel of the City of New York
100 Church Street, Room 2-104
New York, NY 10007
aoconnor@law.nyc.gov

/s/ Sara Faulman
Sara L. Faulman
Gregory K. McGillivary