## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

EDMUND SMALL, et al.,             )

                                              )

                **Plaintiffs,**          )

       **v.**                            )  **Civil Action No. 1:14-cv-03469GHW**

                                              )

                                            )

**CITY OF NEW YORK and THE**      )

**NEW YORK CITY POLICE**        )

**DEPARTMENT**                     )

                                            )

                **Defendants.**       )

_____)

## SECOND AMENDED COMPLAINT

### INTRODUCTION

Plaintiffs, by and through their counsel, the law firm of Woodley & McGillivary, for their complaint against the City of New York ("City") and the New York City Police Department ("NYPD") (hereinafter collectively referred to as "defendants"), state as follows:

### NATURE OF THE ACTION

1.      Plaintiffs' lawsuit is the third lawsuit brought by sergeants of the NYPD, against the NYPD and the City, related to the City's repeated and continuing failure to pay overtime in accordance with the Fair Labor Standards Act ("FLSA"), the federal statute designed to protect workers throughout the country by setting a minimum wage, providing for overtime payment, and establishing the hourly threshold at which employers are mandated to pay employees overtime at the rate of one and one-half times each employee's regular rate of pay.

2.        In the first lawsuit, *Mullins v. City of New York*, C.A. No. 1:04-cv-2979 (SAS)("*Mullins*"), the U.S. Department of Labor, the federal agency designated by law to administer the FLSA, opined and the Second Circuit confirmed that NYPD sergeants were entitled to overtime pay and were not exempt executives as argued at the time by the City. Although the City stipulated, prior to the Second Circuit's decision, that the decision would be binding as to all sergeants on the police force, the City continues to fail to comply with the FLSA.

3.        The defendants' lack of compliance with federal law is unacceptable.  These sergeants, who are the backbone of the NYPD, are required to work overtime, without compensation, contrary to the dictates of the FLSA.  The NYPD and the City should abide by their obligations under federal law and fairly compensate these dedicated men and women, many of whom frequently place themselves in the line of danger to protect the citizens of  this City.

**PARTIES**

4.        Plaintiffs are, and at all times material herein have been, employed by defendants in the position of sergeant in the NYPD.  Plaintiffs bring this action for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the defendants' willful and unlawful violations of federal law complained of herein.

5.        Plaintiffs identified in the caption of the original Complaint gave their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b).  Such written consents were appended to that Complaint in Appendix A. These written consent forms set forth each plaintiff's name and address. In connection with plaintiffs' First Amended Complaint, additional

plaintiffs gave their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b); those written consents were appended to that Complaint.[1]   In connection with plaintiffs' Second Amended Complaint, additional plaintiffs' written consents have been appended to this Second Amended Complaint in Appendix D.

6.      Each of the plaintiffs in this action while employed by defendants has been an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

7.      In the sergeants' first lawsuit, *Mullins*, the plaintiffs and the City agreed for discovery and for the trial that all sergeants in the NYPD could and would be classified into one of four groups:  patrol sergeants, investigative sergeants, operations enforcement ("ops/enforcement") sergeants, and administrative (non-enforcement) sergeants.  These groups are defined by common roles that are performed in the NYPD and common work times among the groups.  Sergeants are placed into these groups by the commands to which they are assigned. Attached as Appendix B to the original Complaint is a true and accurate copy of the trial and discovery plan approved by the Court in *Mullins*.[2]  In addition to the Commands listed in Appendix B, sergeants now also work in Command codes 392, Career Development (Administrative, Non-Enforcement) and 574, World Trade Center Command, and such other Commands as defendants may create or designate.

8.      At all times material herein, and since May 13, 2011, each plaintiff has worked as a sergeant employed by the NYPD in one of the four categories of sergeant identified in paragraph 7 above.

---

[1] The consents previously submitted are docketed as Docket Entry ("DE") 2-1 through 2-24, and DE 17-1 through 17-5, and will not be re-filed with this Second Amended Complaint.
[2] The trial and discovery plan in Appendix B is docketed as DE 2-25 and will not be re-filed with this Amended Complaint,

9.      At all times material herein, plaintiff Lauren Dong has worked as a Patrol Sergeant in Police Service Area ("PSA") 5 in Command 805; plaintiff Angelica Amaya has worked as a Patrol Sergeant in the 104 Precinct in Command 104; plaintiff Eduardo St. Fort has worked as a Patrol Sergeant in the 84 Precinct in Command 84; plaintiff Eric Dym has worked as a Patrol Sergeant in PSA 4 in Command 804; plaintiff Ed Digiacomo has worked as a Patrol Sergeant in Manhattan in PSA 5 in Command 822; Anthony Demonte has worked as a Patrol Sergeant in the 123 Precinct in Staten Island in Command 123; plaintiff Amit Dua has worked as a Patrol Sergeant at the 108 Precinct, Patrol World Trade Center  in Command 574; plaintiff Christopher Klein has worked as a Patrol Sergeant at the 110 Precinct in Queens in Command 110; plaintiff Gregory Gallerugo has worked as a Patrol Sergeant at the 113 Precinct in Queens in Command 113; plaintiff Kevin Watz has worked as a Patrol Sergeant at the 102 Precinct in Queens in Command 102; plaintiff Colleen Walsh has worked as a Patrol Sergeant in the 19 Precinct in Manhattan North Command 19; and plaintiff Daniel Feldman has worked as a patrol sergeant in the 1st Precinct in the First Command in Manhattan. Plaintiffs bring this action on behalf of themselves and the other plaintiff Patrol Sergeants who work or have worked in the Commands identified as Patrol in Attachment B and/or in paragraph 7 above.

10.      At all times material herein, Plaintiff John Bruschi has worked as an Investigative Sergeant as a homicide detective in Brooklyn South in Command 313; plaintiff John Portalatin has worked as an Investigative Sergeant in the Brooklyn Narcotics Command 547; plaintiff Robert Capalongo has worked as an Investigative Sergeant in the Intelligence Unit Command 318; plaintiff Mark Teitler has worked as an Investigative Sergeant in the Counterterrorism Unit in Command 566; and plaintiff Dominick Longo has worked as an Investigative Sergeant in the District Attorney's Office in Command 281. Plaintiffs bring this action on behalf of themselves

and the other plaintiff Investigative Sergeants who work or who have worked in Commands identified as Investigative in Attachment B and/or paragraph 7 above.

11.     At all times material herein, Plaintiff Michael Sena has worked as an Operations Enforcement Sergeant in the Warrants Squad in the 78 Precinct in Command 580; plaintiff William Hughes has worked as an Operations Enforcement Sergeant in Brooklyn Transit Impact in the 850 Command; and plaintiff Patrick Hamilton has worked as an Operations Enforcement Sergeant in the Manhattan Robbery Squad in Command 257. Plaintiffs bring this action on behalf of themselves and the other plaintiff Operations Enforcement Sergeants who work or who have worked in Commands identified as Operations Enforcement in Attachment B and/or in paragraph 7 above.

12.     At all times material herein, Plaintiff Charles Ott has worked as an Administrative/Non-Enforcement Sergeant in the Quartermasters Section in Command 365; Plaintiff Paul Esposito has worked as an Administrative/Non-Enforcement Sergeant in the Career Development Section in Command 392; Plaintiff Luis Barcia has worked as an Administrative/Non-Enforcement Sergeant in the Quality Assurance Division in Command 498; and Plaintiff Ernesto Castro has worked as an Administrative/Non-Enforcement Sergeant as a Community Affairs Sergeant in Command 523.  Plaintiffs bring this action on behalf of themselves and the other plaintiff Administrative/Non-Enforcement Sergeants who work or who have worked in the Commands identified as Administrative in Attachment B and/or paragraph 7 above.

13.     Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office

and place of business located at Broadway and Park Row, New York, New York, 10007, and

may be served with process by serving the Office of Corporation Counsel, 100 Church Street,

New York, 10007.

14.     Defendant New York Police Department ("NYPD") is an administrative division

of New York City and is, among other things, a juridical entity amenable to suit under the FLSA

in that it is, and was at all times material hereto, a public agency within the meaning of Section

3(x) of the FLSA, 29 U.S.C. § 203(x). The NYPD's principal office is located at One Police

Plaza, New York, New York, 10038 and may be served at that location.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29

U.S.C. § 216(b).

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## THE FLSA

17.     The FLSA was first enacted by Congress in 1938 to protect the workers in the

post-Great-Depression period in the history of the United States.  The Act regulates the labor

market and guarantees, among other benefits, a minimum wage and overtime pay.

18.     Employees covered by the FLSA must be paid at a rate of not less than one and

one-half times their regular rate of pay when working over 40 hours in a workweek.  If employees

are engaged in law enforcement activities and if a public employer has adopted and established a

work period of greater than 7 days, then the hourly overtime standard, which requires that overtime

is paid at the rate of one and one-half times an employee's regular rate of pay, is based upon the

ratio of the number of days in a work period to the ratio of 28 days to 171-hours.  For example,

under a properly adopted and established 28-day work period, an employer must pay overtime

compensation to law enforcement employees at the rate of one and one-half times the employees' regular rate of pay for hours in excess of 171 hours; in a properly adopted and established 14-day work periods, an employer must pay overtime to law enforcement employees for hours in excess of 85.5 hours.

19.    The FLSA additionally contains protections enabling employees to assert these rights. Retaliation against employees seeking to be paid overtime is illegal under 29 U.S.C. § 215(a).

## FACTS

### History of the Litigation

20.    This lawsuit, the third FLSA overtime pay case filed by the NYPD sergeants against the City and the NYPD, seeks only to bring the NYPD into compliance with the FLSA, its own stipulations on the sergeants' entitlement to overtime, and its previous two settlements from the prior suits brought by the sergeants of the NYPD.

### *The First Responder Clarification*

21.    Prior to 2004, the application of the FLSA to the men and women keeping the nation and its people safe was unclear. The U.S. Department of Labor ("DOL"), realizing that some courts were erroneously ruling police sergeants and other first responders to be management and, therefore, exempting them from the FLSA, promulgated the "First Responder" regulation. 29 C.F.R. § 541.3.

22.    Prior to the introduction of the "First Responder" regulation, courts had occasionally found that police sergeants – who are members of the police department just one step above a patrol officer, and who often respond to crimes and other emergencies side-by-side

with these same officers – were exempt because they directed those same police officers in fulfilling their law-enforcement duties.  Pointing to previous cases where first responders were found to be entitled to overtime pay, the DOL concluded that these first responders were not management because their primary duties included "preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; and other similar work[.]"  Fact Sheet #17J:  First Responders and the Part 541 Exemptions under the Fair Labor Standards Act (FLSA).

23.       The DOL stated that this clarification was not a substantive change in the law.  Rather, it clarified the intent of the law to include first responders and was designed to prevent courts from ruling incorrectly in the future.

*NYPD's Sergeants Assert their Rights to Overtime Pay*

24.       With the DOL's regulation in hand, the sergeants of the NYPD sought to obtain the overtime pay that they had been entitled to all along.  On April 19, 2004, the sergeants filed the action *Mullins v. City of New York*, No. 04-cv-2979 (S.D.N.Y.).

25.       Contrary to the "First Responder" regulation, the City asserted that the sergeants were executives under the FLSA and, therefore, were exempt.  The DOL, in an amicus brief, informed the District Court that the sergeants' interpretation of the FLSA was correct and that the sergeants' primary duty was not management, as the executive exemption required.

8

26.     With the DOL's views in their favor, the sergeants moved for summary judgment. The District Court, however, not only denied the sergeants' motion but granted summary judgment *sua sponte,* in favor of the City – which had not even moved for summary judgment – on the primary duty issue.  Following a week-long trial, the District Court ruled that the patrol sergeants group were exempt executives and were not entitled to overtime under the FLSA.

27.     Following  the trial, the Parties stipulated that the trial verdict and any appellate decision would bind not just the test plaintiffs involved in the trial but the collective action as a whole.  The sergeants appealed and the DOL supported that appeal by submitting a second amicus brief.

28.     The Second Circuit Court of Appeals reversed the District Court, ruling that the DOL's interpretation of the FLSA was entitled to deference and ruling that the sergeants of the NYPD, who work tirelessly to protect the citizens of New York City, were entitled to overtime under the FLSA.

*Continued Failure by the City to Follow Federal Law*

29.     Consistent with the Second Circuit's ruling, on November 19, 2012, the parties entered into a settlement agreement resolving the sergeants' claims dating back to 2001.

30.     A second lawsuit, *McInnis v. City of New York*, No. 12-cv-2957 (S.D.N.Y.), was filed to cover the sergeants who were not part of the *Mullins* litigation.  That suit was also settled on terms comparableto those in the *Mullins* settlement.

31.     Following the settlement, plaintiffs believe that the City of New York and the NYPD made a minor change, but otherwise continued to fail to comply with the FLSA .  For

example, a required pistol range day for which the City previously did not pay the sergeants is now compensable.  But the sergeants' pre-shift, post-shift, and out-of-office work continues to go uncompensated.  As a result, the City continues to deny sergeants their hard-earned overtime pay.

_Compensation of NYPD's Sergeants_

32.     Within the last three years and continuing to date, while working in the position of sergeant on behalf of defendants, plaintiffs' job duties are to perform work protecting and serving the public, including but not limited to responding to 911 emergency calls, making arrests, patrolling sites that are potential terrorist targets, writing citations, conducting investigations, apprehending suspects, resolving domestic disputes, conducting patrols, backing up other police officers who are making arrests, guarding and transporting prisoners, testifying before grand juries and at court hearings and trials, serving warrants, capturing fugitives on whom warrants are issued, gathering intelligence, and various other activities related to improving law enforcement in New York City.

33.     In addition to their base compensation and any contractual overtime and FLSA overtime to which they are entitled, plaintiffs receive night shift differential pay and longevity pay.  In calculating plaintiffs' FLSA overtime pay, defendants have failed to include longevity pay and night shift differential pay in the rate at which overtime is paid.

34.     As further explained below, while working in the position of sergeant on behalf of defendants, plaintiffs have been suffered or permitted to work in excess of 40 hours per week, and in excess of 43 hours per week and 171 hours in a 28-day period without receiving overtime compensation at the rate of one and one-half times their regular rate of pay.

**Standard Worktime Required of Sergeants**

35.     Many of the sergeants' schedules, by their very terms, produce uncompensated FLSA overtime.  Defendants assign each of the sergeants to a schedule.  These daily shifts, or "tours," range from 8 hours and 15 minutes per day, 5 days per week, to 8 hours and 57 minutes per day, 5 days per week.  The result of these schedules is that the NYPD requires many of their sergeants to work more time than the 171 hour threshold without paying sergeants the overtime they earn and to which they are entitled under the FLSA:

| Regularly assigned shift hours (daily) | Regularly assigned shift (weekly) | Regularly assigned shift (28-day period) |
|---|---|---|
| 8:57 | 44:45 | 179:00 |
| 8:44 | 43:40 | 174:40 |
| 8:35 | 42:55 | 171:40 |
| 8:30 | 42:30 | 170:00 |
| 8:23 | 41:55 | 167:40 |
| 8:15 | 41:15 | 165:00 |

36.     Sergeants receive no overtime compensation for this overtime inherent in their regularly assigned schedules.

**Patrol Sergeants**

37.     Plaintiffs who work as Patrol Sergeants have been regularly scheduled to work either daily shifts of 8 hours and 57 minutes, 5 days per week, or daily shifts of 8 hours and 44 minutes, 5 days per week.  The resulting scheduled hours required of these sergeants per week and per 28-day period can be found in Paragraph 35 above.

38.     In addition to the work hours identified in paragraph 35 that Patrol Sergeants work as part of their regular schedule, plaintiff Patrol Sergeants arrive at work at least 20-30 minutes each day before the official start time of their shift.  Sometimes the Patrol Sergeants arrive earlier, and perform additional pre-shift work. The work they perform is necessary for them to prepare for their shifts, such as adjusting roll calls, reviewing various NYPD forms and reports, discussing work-related matters with the outgoing officers working the previous shift and the desk sergeant, picking up equipment to be used on their shifts, assigning vehicles to the police officers as well as other work-related activities that are important to the timely law enforcement protection of the citizens of New York.  The actual time that each of the plaintiff Patrol Sergeants arrive at work is recorded in the Command Log kept and maintained by each command.  Sergeants and their supervisors must sign-in in these NYPD logs when they arrive each morning.  Although plaintiffs are performing work-related activities before the official start time of their shifts, plaintiffs are not compensated for this pre-shift work time.

39.     The uncompensated pre-shift time beyond their regularly scheduled work hours that a Patrol Sergeant works, as described in paragraph 38 above, results in each plaintiff Patrol Sergeant working a minimum of an additional 1 hour 40 minutes per week for which they are not compensated. This additional 1 hour, 40 minutes per week of uncompensated time results in plaintiff Patrol Sergeants who are regularly scheduled to work daily shifts of 8 hours, 57 minutes working a total of at least 46 hours, 25 minutes per week and 185 hours, 40 minutes in a 28-day period in which they have been assigned to work 20 shifts.  This additional 1 hour, 40 minutes per week of uncompensated time results in a plaintiff Patrol Sergeant who is regularly scheduled to work daily shifts of 8 hours, 44 minute daily shifts working a total of at least 45 hours, 20 minutes per week, and 181 hours, 20 minutes in a 28-day period in which they have been

assigned to work 20 shifts. During the times that the plaintiff Patrol Sergeants have worked in excess of 40 hours per week as well as those occasions in which they have worked in excess of 43 hours per week or 171 hours in a 28-day period, defendants have failed to provide the plaintiff Patrol Sergeants with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours the plaintiff Patrol Sergeants have worked in excess of the hourly standards set forth under 29 U.S.C. §§ 207(a) and (k).

**Investigative Sergeants**

40.    Plaintiffs who have worked as Investigative Sergeants are regularly assigned by defendants to work a schedule of daily shifts of 8 hours 44 minutes, 5 days a week; a schedule of daily shifts of 8 hours, 35 minutes, 5 days a week; or a schedule of daily shifts of 8 hours 30 minutes, 5 days a week.  The resulting scheduled hours required of these sergeants per week and per 28-day period can be found in Paragraph 35 *supra*.

41.    In addition to their regularly scheduled hours, the Investigative Sergeants arrive at least 15 to 30 minutes before the official start time of their shifts to perform work necessary for them to be prepared for their shifts, such as reviewing reports, organizing their investigative reports, preparing shift schedules, planning their day and other work for the benefit of the NYPD.  This work takes a minimum of 15-30 minutes each day, although sometimes the Investigative Sergeants arrive earlier and perform additional pre-shift work. The time that a plaintiff Investigative Sergeant arrives at work and begins working is recorded in the Command Log and on time sheets which are maintained by the NYPD.  Notwithstanding the pre-shift work they perform, the Investigative Sergeants are not paid for this pre-shift work time.

42.     Further, the Investigative Sergeants receive emails, calls and texts relating to their official duties on their NYPD smart phones and their personal phones while they are off-duty. They receive these emails, texts and phone calls from other police officers, from officers at a higher rank and also from different Commands, departments and bureaus of the NYPD. Due to the nature of their work, the plaintiff Investigative Sergeants read and respond to these duty-related emails, texts and phone calls while off-duty outside of their regularly scheduled work hours. Reviewing and responding to these emails, texts and phone calls off-duty takes each of the plaintiff Investigative Sergeants a minimum of 1-3 hours per week, although sometimes it takes longer.  The plaintiff Investigative Sergeants are not compensated for the time they spend reviewing and responding to duty-related emails, texts and phone calls while off-duty.

43.     The pre-shift and off-duty time beyond their regularly scheduled work hours that a plaintiff Investigative Sergeant works, as described in paragraphs 41-42 above, results in each plaintiff Investigative Sergeant working a minimum of an additional 2 hours, 15 minutes per week for which they are not compensated.  This additional 2 hours, 15 minutes per week of uncompensated time results in a plaintiff Investigative Sergeant who is regularly scheduled to work a daily shift of 8 hours, 44 minutes working at least 45 hours, 55 minutes per week, and 183 hours, 40 minutes in a 28-day period. This additional 2 hours, 15 minutes of uncompensated time results in a plaintiff Investigative Sergeant who is regularly scheduled to work a daily shift of 8 hours, 35 minutes working at least 45 hours, 10 minutes per week and 180 hours, 40 minutes per 28-day period.  This additional 2 hours, 15 minutes of uncompensated time results in a plaintiff Investigative Sergeant who is regularly scheduled to work a daily shift of 8 hours, 30 minutes working at least 44 hours,45 minutes per week and 179 hours in a 28-day period. During the times that the Investigative Sergeant plaintiffs have worked in excess of 40 hours per week as

well as those occasions in which they have worked in excess of 43 hours per week or 171 hours

in a 28-day period, defendants have failed to provide the plaintiff Investigative Sergeants with

the rights and protections provided under the FLSA, including overtime pay at the rate of one

and one-half times their regular rates of pay for all hours the plaintiff Investigative Sergeants

have worked in excess of the hourly standards set forth under 29 U.S.C. §§ 207(a) and (k).

**Operations Enforcement Sergeants**

44.    Plaintiffs who work as Operations Enforcement Sergeants are regularly assigned

by defendants to work a schedule of 8 hours, 57 minutes per daily shift, 5 days a week; 8 hours,

44 minutes per daily shift, 5 days a week; 8 hours, 35 minutes per daily shift, 5 days a week; or,

8 hours, 15 minutes per daily shift, 5 days per week.  The resulting scheduled hours required of

these sergeants per week and per 28-day period can be found in Paragraph 35 *supra*.

45.    In addition to the work hours identified in paragraph 35 that plaintiff Operations

Enforcement Sergeants work as part of their regular schedule, plaintiff Operations Enforcement

Sergeants arrive at work a minimum of 15-30 minutes prior to the start of their shift each day and

begin performing work necessary for them to prepare for their shifts before the official start time

of their shift.  Some Sergeants arrive earlier to perform pre-shift work.  The pre-shift work they

perform includes adjusting roll calls, reviewing various NYPD forms and reports, planning their

work day, obtaining equipment, discussing work-related matters with the outgoing officers and

the desk sergeant from the previous shift, as well as other work-related activities.  The actual

time that each of the plaintiff Operations Enforcement Sergeants arrive at work is recorded in the

Command Log or on a time sheet, which are documents maintained by the NYPD.  Although

plaintiff Operations Enforcement Sergeants are performing work-related activities during this

pre-shift time, plaintiff are not compensated for this pre-shift time.

46.     Further, the plaintiff Operations Enforcement Sergeants receive emails, calls and texts relating to their official duties on their NYPD smart phones and their personal phones while they are off-duty.  They receive these duty-related emails, texts and phone calls from their subordinates, from officers at a higher rank and also from different Commands, bureaus and sections of the NYPD.  Due to the nature of their work, they read and respond to these duty-related emails, texts and phone calls while off-duty. Reviewing and responding to these emails, texts and phone calls takes a minimum of 1-3 hours per week for each plaintiff Operations Enforcement Sergeant, although sometimes it takes longer.  The plaintiff Operations Enforcement Sergeants are not compensated for receiving and responding to duty-related emails, texts and phone calls while off-duty.

47.     The pre-shift and off-duty time that each plaintiff Operations Enforcement Sergeant works beyond his or her regularly scheduled work hours, as described in paragraphs 45-46 above, results in each Plaintiff Operations Enforcement Sergeant working a minimum of an additional 2 hours, 15 minutes per week for which they are not compensated. This additional 2 hours, 15 minutes per week of uncompensated time results in a plaintiff Operations Enforcement Sergeant who is regularly scheduled to work a daily shift of 8 hours, 57 minutes, working at least 47 hours per week, and 188 hours per 28-day period. This additional 2 hours, 15 minutes per week of uncompensated time results in plaintiff Operations Enforcement Sergeants who are regularly scheduled to work a daily shift of 8 hours, 44 minutes, working at least 45 hours, 55 minutes per week, and 183 hours, 40 minutes in a 28-day period. This additional 2 hours, 15 minutes of uncompensated time results in plaintiff Operations Enforcement Sergeants who are regularly scheduled to work daily shifts of 8 hours, 35 minutes working at least 45 hours, 10 minutes per week and 180 hours, 40 minutes per 28-day period. This additional 2 hours, 15

minutes per week of uncompensated time results in plaintiff Operations Enforcement Sergeants who are regularly scheduled to work daily shifts of 8 hours, 15 minutes working at least 43 hours, 30 minutes a week, and 174 hours in a 28-day period. During the times that the Operations Enforcement Sergeant plaintiffs have worked in excess of 40 hours per week as well as those occasions in which they have worked in excess of 43 hours per week or 171 hours in a 28-day period, defendants have failed to provide the plaintiff Operations Enforcement Sergeants with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours the plaintiff Operations Enforcement Sergeants have worked in excess of the hourly standards set forth under 29 U.S.C. §§ 207(a) and (k).

### Administrative (Non-Enforcement) Sergeants

48.    Plaintiffs who work as Administrative (Non-Enforcement) Sergeants are regularly assigned by defendants to work a schedule of 8 hours, 35 minutes per daily shift, 5 days a week; 8 hours, 23 minutes per daily shift, 5 days a week; or 8 hours, 15 minutes per daily shift, 5 days a week.  The resulting scheduled hours required of these sergeants per week and per 28-day period can be found in Paragraph 35 *supra*.

49.    In addition to the hours identified in paragraph 35 that Administrative (Non-Enforcement) Sergeants work as part of their regular schedule, plaintiff Administrative (Non-Enforcement) Sergeants arrive at work a minimum of 15-30 minutes prior to the start of their shift each day and begin performing work necessary for them to prepare for their shifts before the official start time of their shift.  Some Sergeants arrive earlier to perform pre-shift work.  The pre-shift work performed by the plaintiff Administrative (Non-Enforcement) Sergeants includes reviewing various NYPD forms and reports, planning their workday and discussing work-related

matters with the outgoing officers from the previous shift and their superior officers as well as other work-related activities.  The actual time that each of the plaintiff Administrative (Non-Enforcement) Sergeants arrives at work is recorded in the Command Log or on a time sheet, which are maintained by the NYPD.  Although plaintiff Administrative (Non-Enforcement) Sergeants are performing work-related activities during this pre-shift time, plaintiff are not compensated for this pre-shift time.

50.      Further, the plaintiff Administrative (Non-Enforcement) Sergeants receive emails, calls and texts relating to their official duties on their NYPD smart phones and their personal phones while they are off-duty.  They receive these duty-related emails, texts and phone calls from their subordinates, from officers at a higher rank and also from various Commands, bureaus and departments within the NYPD. Due to the nature of their work, they read and respond to these emails, texts and phone calls while off-duty. The plaintiff Administrative (Non-Enforcement) Sergeant spend a minimum of 35 minutes to 3 hours per week, and sometimes longer, reviewing and responding to  duty-related emails, texts and phone calls while they are off-duty.  The plaintiff Administrative (Non-Enforcement) Sergeants are not compensated for reviewing and responding to duty-related emails, texts and phone calls while off duty.

51.      The pre-shift and off-duty time that plaintiff Administrative (Non-Enforcement) Sergeants work beyond their regularly scheduled work hours, as described in paragraphs 49-50 above, results in each plaintiff Administrative (Non-Enforcement) Sergeant working a minimum of an additional 1 hours 50 minutes per week for which they were not compensated.  This additional 1 hour, 50 minutes per week of uncompensated time results in plaintiff Administrative (Non-Enforcement) Sergeants who are regularly scheduled to work 8 hours, 35 minute daily shifts, working at least 44 hours, 45 minutes per week and 179 hours per 28-day period. This

additional 1 hour, 50 minutes per week results in Plaintiff Operations Enforcement Sergeants

who are regularly scheduled to work daily shifts of 8 hours, 23 minutes, working at least 43

hours, 45 minutes a week, and 175 hours in a 28-day period.  This additional 1 hour, 50 minutes

per week results in plaintiff Administrative (Non-Enforcement) Sergeants who are regularly

scheduled to work daily shifts of 8 hours, 15 minutes working at least 43 hours, 5 minutes a

week, and 172 hours, 20 minutes in a 28-day period. During the times that the Administrative

(Non-Enforcement) Sergeant plaintiffs have worked in excess of 40 hours per week as well as

those occasions in which they have worked in excess of 43 hours per week or 171 hours in a 28-

day period, defendants have failed to provide the plaintiff Administrative (Non-Enforcement)

Sergeants with the rights and protections provided under the FLSA, including overtime pay at

the rate of one and one-half times their regular rates of pay for all hours the plaintiff

Administrative (Non-Enforcement) Sergeants have worked in excess of the hourly standards set

forth under 29 U.S.C. §§ 207(a) and (k).

CLAIMS FOR RELIEF FOR
VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

**COUNT I**

**FAILURE TO PAY FLSA
OVERTIME UNDER SECTION 7(a) OF THE ACT, 29 U.S.C. § 207(a)**

52.       Plaintiffs incorporate by reference paragraphs 1 through 51 in their entirety and

restate them herein.

53.       During the work weeks in which defendants have suffered or permitted plaintiffs

to work hours in excess of the hourly standards for overtime set forth under both Section 7(a) of

the FLSA, 29 U.S.C. § 207(a), and as mandated by the Second Circuit's decisions in *Mullins v.

City of New York*, 09-3435, defendants have failed to provide plaintiffs with the rights and

19

protections provided under the FLSA, by failing to pay overtime at the rate of one and one-half times their regular rates of pay for all hours plaintiffs have worked overtime in excess of the hourly standards for overtime set forth in the FLSA.  As alleged above, each of the categories of sergeants work overtime hours, on a weekly basis, in excess of 40 hours per week without receiving additional compensation at the rate of one and one-half times their regular rate of pay for each hour worked.

54.     As set forth in paragraphs 35 and 37 above, Plaintiff Patrol Sergeants are regularly scheduled to work either 44 hours, 45 minutes per week or 43 hours, 40 minutes per week.  Both of these work schedules provide for hours worked in excess of the hourly standard of 40 hours per week for overtime that is set forth under section 7(a) of the Act, 29 U.S.C. § 207(a).  Regardless of which of these schedules they work, the plaintiff Patrol Sergeants do not receive any additional compensation beyond their salaries for working overtime hours.  In addition, as set forth in paragraphs 38 and 39 above, plaintiff Patrol Sergeants are suffered or permitted to work a minimum of an additional 1 hour and 40 minutes per week without receiving any compensation for these hours, although when combined with the Patrol Sergeants' regularly scheduled hours, these hours are in excess of the 40 hour standard for overtime compensation under section 7(a) of the FLSA, 29 U.S.C. § 207(a). During the times that the Patrol Sergeant plaintiffs have worked in excess of 40 hours per week, defendants have failed to provide the plaintiff Patrol Sergeants with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours the plaintiff Patrol Sergeants have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

55.     As set forth above in paragraphs 35 and 40 above, plaintiff Investigative Sergeants are regularly scheduled to work either 43 hours, 40 minutes per week, 42 hours, 55 minutes per week or 42 hours, 30 minutes per week. Regardless of which of these schedules they work, the plaintiff Investigative Sergeants do not receive any additional compensation beyond their salaries for working these hours.  In addition, as set forth in paragraphs 41 and 42 above, plaintiff Investigative Sergeants are suffered or permitted to work a minimum of an additional 2 hours, 15 minutes per week without receiving any compensation at all for these work hours. This additional 2 hours, 15 minutes per week of uncompensated time results in a plaintiff Investigative Sergeant who is regularly scheduled to work daily shifts of 8 hours, 44 minute working at least 45 hours, 55 minutes per week; it results in a Plaintiff Investigative Sergeant who is regularly scheduled to work a daily shift of 8 hours, 35 minutes working at least 45 hours, 10 minutes per week; and it results in a plaintiff Investigative Sergeant who is regularly scheduled to work a daily shift of 8 hours, 30 minutes working at least 44 hours, 45 minutes per week. During the times that the Investigative Sergeant plaintiffs have worked in excess of 40 hours per week, defendants have failed to provide the plaintiff Investigative Sergeants with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours the plaintiff Investigative Sergeants have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

56.     As set forth above in paragraphs 35 and 44 above, plaintiff Operations Enforcement Sergeants are regularly scheduled to work either 44 hours, 45 minutes per week, 43 hours, 40 minutes per week, 42 hours, 55 minutes per week or 41 hours, 15 minutes per week. Regardless of which of these schedules they work, the plaintiff Operations Enforcement Sergeants do not receive any additional compensation beyond their salaries for working these

hours.  In addition, as set forth in paragraphs 45-46 above, plaintiff Operations Enforcement

Sergeants are suffered or permitted to work a minimum of an additional 2 hours, 15 minutes per

week without receiving any compensation for these work hours. During the times that the

Operations Enforcement Sergeant plaintiffs have worked in excess of 40 hours per week,

defendants have failed to provide the plaintiff Operations Enforcement Sergeants with the rights

and protections provided under the FLSA, including overtime pay at the rate of one and one-half

times their regular rates of pay for all hours the plaintiff Operations Enforcement Sergeants have

worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

57.    As set forth in paragraphs 35 and 48 above, plaintiff Administrative (Non-

Enforcement) Sergeants are regularly scheduled to work either 42 hours, 50 minutes per week,

41 hours, 55 minutes per week, or 41 hours, 15 minutes per week, each of which is in excess of

the hourly standard of 40 hours per week for overtime that is set forth under section 7(a) of the

Act, 29 U.S.C. § 207(a).  Regardless of which of these schedules they work, the plaintiff

Administrative (Non- Enforcement) Sergeants do not receive any additional compensation

beyond their salaries for working these hours.  In addition, as set forth in paragraphs 49-50

above, plaintiff Administrative (Non-Enforcement) Sergeants are suffered or permitted to work a

minimum of an additional 1 hours, 50 minutes per week without receiving any compensation for

these hours, although these hours are in excess of the 40 hour standard for overtime

compensation under section 7(a) of the FLSA, 29 U.S.C. § 207(a). During the times that the

Administrative (Non-Enforcement) Sergeant plaintiffs have worked in excess of 40 hours per

week, defendants have failed to provide the plaintiff Administrative (Non-Enforcement)

Sergeants with the rights and protections provided under the FLSA, including overtime pay at

the rate of one and one-half times their regular rates of pay for all hours the plaintiff

Administrative (Non-Enforcement) sergeants have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

58.    By failing to pay the plaintiffs the overtime pay required under the law, the defendants have violated and are continuing to violate the provisions of section 7(a) of the FLSA in a willful and intentional manner.  In particular, plaintiffs note that defendants were ordered by the Second Circuit's decision in *Mullins v. City of New York,* Case No. 09-3435, to treat the plaintiff sergeants as FLSA non-exempt, but defendants have failed to do so.  As a result, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

59.    As a result of the defendants' willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendants and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them.  Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendants' liability can be ascertained.

60.    Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendants' failure to pay overtime compensation.

61.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

**COUNT II**

**FAILURE TO PAY FLSA
OVERTIME UNDER SECTION 7(k) OF THE ACT, 29 U.S.C. § 207(k)**

62.        Plaintiffs incorporate by reference paragraphs 1 through 56 in their entirety and restate them herein.

63.        Section 7(k) of the FLSA, 29 U.S.C. § 207(k), provides public employers with the option of utilizing a partial overtime exemption for law enforcement employees, but only if the public employer affirmatively adopts the partial exemption under section 7(k) and if the employer also establishes a work period of between 7 and 28 days for the purposes of utilizing the partial overtime exemption for those particular employees.   The City of New York and the NYPD have not adopted section 7(k) for purposes of paying overtime to the police sergeants nor has it established a work period between 7 and 28 days for the purpose of doing so.

64.        Notwithstanding paragraph 63 above, and assuming *arguendo* that the defendants can somehow prove that they have adopted section 7(k) for the purpose of paying FLSA overtime to the plaintiff sergeants and that they have established a work period for doing so, defendants have nonetheless violated section 7(k) of the Act, 29 U.S.C. § 207(k), by failing to compensate the plaintiff sergeants for overtime hours worked in excess of the overtime threshold under section 7(k). As alleged above, each of the categories of sergeants work overtime hours, on a weekly basis or in a 28-day period in excess of 43 hours per week and 171 hours in a 28-day period without receiving additional compensation at the rate of one and one-half times their regular rate for each hour worked.

65.        As set forth above in paragraphs 35 and 37 above, plaintiff Patrol Sergeants are regularly scheduled to work either 44 hours, 45 minutes per week and 179 hours per 28 days or

43 hours, 40 minutes per week and 174 hours, 40 minutes per 28 days both of which are in excess of the hourly standard of 43 hours per week or 171 hours in a 28-day work period for overtime that is set forth under section 7(k) of the Act, 29 U.S.C. § 207(k). Regardless of which of these schedules they work, the plaintiff Patrol Sergeants do not receive any additional compensation beyond their salaries for working these hours. In addition, as set forth in paragraphs 38 and 39 above, plaintiff Patrol Sergeants are suffered or permitted to work a minimum of an additional 1 hour, 40 minutes per week without receiving any compensation for these hours at all, although these hours, in conjunction with their regularly scheduled work hours, are in excess of the 43 hours weekly hourly standard and 171 hours 28-day hourly standard for overtime compensation under section 7(k) of the FLSA, 29 U.S.C. § 207(k).

66.    As set forth above in paragraphs 35 and 40 above, plaintiff Investigative Sergeants are regularly scheduled to work either 43 hours, 40 minutes per week, and 174 hours, 40 minutes per 28 days, or 42 hours, 55 minutes per week or 171 hours, 40 minutes per 28 days or 42 hours, 30 minutes per week, or 170 hours per 28 days. In addition, as set forth in paragraphs 41 and 42 above, the plaintiff Investigative Sergeants are suffered or permitted to work a minimum of an additional 2 hours, 15 minutes of per week without receiving any compensation at all for these work hours. With this additional uncompensated time, the Investigate Sergeants work a minimum of 45 hours, 55 minutes, which is in excess of the hourly standard of 43 hours per week or 171 hours in a 28-day work period for overtime that is set forth under section 7(k) of the Act, 29 U.S.C. § 207(k). Regardless of which of these schedules they work, the plaintiff Investigative Sergeants do not receive any additional compensation beyond their salaries for working these hours, although these hours when combined with their regularly

scheduled work hours are in excess of the 43 hours weekly standard or 171 hours standard for overtime compensation under section 7(k) of the FLSA, 29 U.S.C. § 207(k).

67.     As set forth above in paragraphs 35 and 44 above, plaintiff Operations Enforcement Sergeants are regularly scheduled to work either 44 hours, 45 minutes per week or 179 hours in a 28-day period, or 43 hours, 40 minutes per week or 174 hours, 40 minutes in a 28-day period, or 42 hours, 55 minutes per week or 171 hours, 40 minutes in a 28-day period, or 41 hours, 15 minutes per week or 165 hours in a 28-day period. Regardless of which of these schedules they work, the plaintiff Operations Enforcement Sergeants do not receive any additional compensation beyond their salaries for working these hours.  In addition, as set forth in paragraphs 45-47 above, plaintiff Operations Enforcement Sergeants are suffered or permitted to work a minimum of an additional 2 hours, 15 minutes per week without receiving any compensation for these hours. This additional 2 hours, 15 minutes per week of uncompensated time results in a plaintiff Operations Enforcement Sergeant who is regularly scheduled to work daily shifts of 8 hours, 57 minutes working at least 47 hours per week, and 188 hours in a 28-day period;  it results in a plaintiff Operations Enforcement Sergeant who is regularly scheduled to work daily shifts of 8 hours, 44 minute working at least 45 hours, 55 minutes per week, and 183 hours, 40 minutes in a 28-day period; it results in plaintiff Operations Enforcement Sergeants who are regularly scheduled to work daily shifts of 8 hours, 35 minute working at least 45 hours, 10 minutes per week and 180 hours, 40 minutes per 28-day period; and it results in Plaintiff Operations Enforcement Sergeants who are regularly scheduled to work daily shifts of 8 hours, 15 minute working at least 43 hours, 30 minutes a week, and 174 hours in a 28-day period. Notwithstanding this, defendants have failed to pay plaintiffs overtime for these work hours and it has failed to provide the plaintiff Operations Enforcement Sergeants with the rights and

protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours the plaintiff Operations Enforcement Sergeants have worked in excess of the hourly standards set forth under 29 U.S.C. § 207 (k).

68.    As set forth above in paragraph 35 and 48 above, plaintiff Administrative (Non-Enforcement) Sergeants are regularly scheduled to work either 42 hours, 55 minutes per week or 171 hours, 40 minutes in a 28-day period, 41 hours, 55 minutes per week or 167 hours, 40 minutes in a 28-day period, or 41 hours, 15 minutes per week or 165 hours in a 28-day period. Regardless of which of these schedules they work, the plaintiff Administrative (Non-Enforcement) Sergeants do not receive any additional compensation beyond their salaries for working these hours.  In addition, as set forth in paragraphs 49-51 above, plaintiff Administrative (Non-Enforcement) Sergeants are suffered or permitted to work a minimum of an additional 1 hours, 50 minutes per week without receiving any compensation for these hours.  This additional 1 hour, 50 minutes per week of uncompensated time results in a plaintiff Operations Enforcement Sergeant who is regularly scheduled to work daily shifts of 8 hours, 35 minutes working at least 44 hours, 50 minutes hours per week, and 179 hours in a 28-day period; it results in a plaintiff who is regularly scheduled to work daily shifts of 8 hours, 23 minutes working at least 43 hours, 50 minutes per week or 175 hours, 40 minutes in a 28-day period; and it results in a plaintiff who is regularly scheduled to work daily shifts of 8 hours, 15 minutes working at least 43 hours, 5 minutes per week and 172 hours, 20 minutes in a 28-day period. Notwithstanding this, during the times that the Administrative (Non- Enforcement) Sergeant plaintiffs have worked in excess of 43 hours per week or 171 hours in a 28-day period, defendants have failed to provide the plaintiff Administrative Non-Enforcement Sergeants with the rights and protections provided under the FLSA, including overtime pay at the rate of one

and one-half times their regular rates of pay for all hours the plaintiff Administrative (Non-

Enforcement) Sergeants have worked in excess of the hourly standards set forth under 29 U.S.C.

§ 207 (k).

69.    By failing to pay the plaintiffs the overtime pay required under the law, the

defendants have violated and are continuing to violate the provisions of section 7(k) of the FLSA

in a willful and intentional manner.  In particular, plaintiffs note that defendants were ordered by

the Second Circuit's decision in *Mullins v. City of New York,* Case No. 09-3435, to treat the

plaintiff sergeants as FLSA non-exempt, but defendants have failed to do so.  As a result, at all

times material herein, the plaintiffs have been unlawfully deprived of overtime compensation

and other relief for the maximum period allowed under the law.

70.    As a result of the defendants' willful and purposeful violations of the FLSA, there

have become due and owing to the plaintiffs an amount that has not yet been precisely

determined.  The employment and work records for the plaintiffs are in the exclusive possession,

custody and control of defendants and its public agencies and the plaintiffs are unable to state at

this time the exact amount owing to them.  Defendants are under a duty imposed under the

FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and

preserve payroll and other employment records with respect to the plaintiffs and other employees

similarly situated from which the amount of defendants' liability can be ascertained.

71.    Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated

damages in an amount equal to their back pay damages for the defendants' failure to pay

overtime compensation.

72.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. §

216(b).

**COUNT III**

**FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY IN VIOLATION OF SECTION 7 OF THE FLSA**

73.     Sections 207(a) and (k), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq*., require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions.  Defendants have failed to include certain premium payments, such as longevity pay and night shift differential pay, that are made in addition to employees' regular pay, in the regular rate of pay at which overtime pay is calculated for the plaintiffs and other employees similarly situated, as required under the law.

74.     Defendants' failure to include night shift differential pay, longevity and other forms of additional compensation in plaintiffs' regular rates of pay violate section 7(a) and/or section 7(k) of the FLSA. 29 U.S.C. §§ 207(a) and (k).

75.     As a result of the defendants' willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendants and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them.  Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendants' liability can be ascertained.

76.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendants' failure to pay overtime compensation.

77.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a)  Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations, and deprived each of the plaintiffs of his rights;

(b)  Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c)  Award plaintiffs monetary liquidated damages equal to their unpaid compensation;

(d)  Award plaintiffs interest on their unpaid compensation;

(e)  Award plaintiffs their reasonable attorneys fees to be paid by the defendants, and the costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.


Respectfully submitted,


/s/ Sara L. Faulman
Gregory K. McGillivary (SSN: 0280)
Sara L. Faulman (SF 9778)
WOODLEY & McGILLIVARY
1101 Vermont, N.W.
Suite 1000

Washington, DC  20005
Phone:  (202) 833-8855

Attorneys for Plaintiffs

Stephen P. Younger (SY 0120)
Michael F. Buchanan (MB 5742)
William Schmedlin (WS 5608)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York  10036
(212) 336-2000

Of Counsel

## **CERTIFICATE OF SERVICE**

This is to certify that pursuant to the Court's Order on August 14, 2014, the above

document was filed with the Court via the Court's ECF system this 15th day of August 2014, and

which will send an electronic copy to the following counsel for defendants:

> ZACHARY W. CARTER
> Corporation Counsel of the
> City of New York
> 100 Church Street, Room 2-104
> New York, New York 10007
> Tel: (212) 356-4015
> E-mail: aoconnor@law.nyc.gov


> /s/ Sara L. Faulman
> Sara L. Faulman