USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/15/2015

LAW OFFICES
# WOODLEY & MCGILLIVARY LLP

1101 VERMONT AVENUE, N.W.
SUITE 1000
WASHINGTON, D.C. 20005
TELEPHONE: (202) 833-8855
FAX: (202) 452-1090
E-MAIL: INFO@WMLABORLAW.COM

THOMAS A. WOODLEY
GREGORY K. McGILLIVARY
DOUGLAS L. STEELE
MOLLY A. ELKIN
BALDWIN ROBERTSON
DAVID RICKSECKER
MEGAN K. MECHAK
SARA L. FAULMAN
CHRISTOPHER M. FRANZONI
DIANA J. NOBILE
REID COPLOFF
MICHAEL R. WILLATS
SARA A. CONRATH
ROBIN L.S. BURROUGHS
DONNA K. McKINNON

EDWARD J. HICKEY, JR.
(1912-2000)

OF COUNSEL
NANCY B. STONE

May 12, 2015

**VIA ECF FILING**
Honorable Gregory H. Woods
U.S. District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

**MEMORANDUM ENDORSED**

Re: <u>Edmund Small, et al. v. City of New York, et al.</u> Case No. 1:14-cv-3469(GHW)

Dear Judge Woods:

Pursuant to your Order issued today (Docket Entry 43), the plaintiffs are providing the Court with an example of the plaintiffs' Consent/Retainer Agreement (Exhibit A), which all of the plaintiffs signed; an example of the notice letters sent to all of the plaintiffs on March 3 and 19, 2015 (Exhibits B and C); copies of two case updates that were posted on the private, password-protected, website maintained by Woodley & McGillivary LLP for the *Small* plaintiffs (Exhibits D and E); as well as the contemporaneous billing records of Woodley & McGillivary LLP (Exhibit F). Because the notice letters contain confidential attorney-client information, as well as potentially sensitive information, the plaintiffs are filing a redacted version, consistent with your Individual Rules of Practice, and hereby submit their application to treat the redacted information as sealed.[1]

**Plaintiffs' Application to Seal Certain Confidential Information**

The plaintiffs request that the Court enter an Order permitting plaintiffs to file under seal Exhibits B and C, which have been filed in a redacted format. In Exhibit B, the March 2, 2015, letter to the plaintiffs, the name, home address and Tax ID number of the plaintiff have been redacted. This redaction was made pursuant to Rules 21.3 and 21.4 of the SDNY ECF Rules and Instructions, which requires parties to exercise caution with respect to sensitive information. In addition, one sentence from the letter has been redacted as it contains privileged attorney-client communications. In Exhibit C, the March 19, 2015, letter to the plaintiffs, the name and home

---

[1] A copy of the un-redacted documents that highlights the information redacted will be emailed to the Court and courtesy copies will also be hand-delivered to the Court.

The Honorable Judge Gregory H. Woods
May 12, 2015
Page 2

address of the plaintiff have been redacted as a similar exercise of caution with respect to sensitive information. In addition, the login information for the confidential, attorney-client website has been redacted so that members of the public cannot gain access to privileged attorney-client communications.

Although there is a presumption of public access to court documents, the court "enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000) (holding that District Court was required to enforce settlement agreement it had previously "so ordered," which included provision for sealing the case file). In determining whether to seal certain documents the court should consider whether the information directly affects adjudication, and should then weigh the presumption of disclosure against "countervailing factors" which include privacy interests. *Lugosch v. Pyramid Co. of Onodaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). *See also Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 and 602 (1978) ("the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files. . ." In order to determine whether or not public access is appropriate, the task of the court is to "weigh the interests advanced by the parties in light of the public interest and the duty of the courts.").

There is good cause to redact and seal the information identified by the plaintiffs. First, the name, home address and Tax ID number of one of the plaintiffs, an NYPD Police Sergeant, is potentially sensitive information. *See, e.g.*, Rule 4(A)(i) of Judge Wood's Individual Rules of Practice in Civil Cases. Second, the redacted attorney-client privileged communications are extremely limited in scope and does not go to the heart of the determination in this matter. This court has previously held that the presumption of access may be overcome with respect to narrowly-tailored confidential information. *See, e.g., Avocent v. Raritan Americas, Inc.*, 2012 U.S. Dist. LEXIS 107801 (S.D.N.Y. July 31, 2012) (granting the parties' request to seal a number of document, including summary judgment exhibits, because they contain information that is protected by the attorney-client privilege or work-product privilege). The limited information sought to be filed under seal contains either an attorney-client privileged communication itself (Exhibit B) or the log-in information that would permit members of the public to forever access the confidential and propriety website designed and used by Woodley & McGillivary LLP to communicate with their clients (Exhibit C).

Because there is good cause to redact or seal this information, the plaintiffs respectfully request that this Court grant their application to treat the exhibits as sealed.

**Counsel's Billing Records**

Plaintiffs also note that the amounts paid by the SBA to Woodley & McGillivary will be repaid to the SBA out of the contingent fee that Woodley & McGillivary receives. In other words, after the contingent fee is calculated, any amounts paid to Woodley & McGillivary for fees by the SBA are repaid to the SBA out of that contingent fee and it therefore does not affect the amounts that the plaintiffs receive. Plaintiffs also note that in reaching a settlement with the City regarding the attorneys' fees, and so as to avoid a time-consuming and somewhat unpredictable process of submitting a fee petition to the court, the parties negotiated a resolution that reduces plaintiffs' fees by approximately twenty percent from the lodestar.

The Honorable Judge Gregory H. Woods
May 12, 2015
Page 3

## Conclusion

Finally, for all of the reasons set forth in the parties' letter to you of March 11, 2015 (Dkt. No. 39), the proposed settlement will successfully provide appropriate overtime compensation for the plaintiff sergeants in *Small*. Accordingly, the parties respectfully submit that the settlement is fair and reasonable and should be approved by the Court.

We appreciate the Court's consideration of these matters.

Respectfully submitted,

WOODLEY & McGILLIVARY LLP

Gregory K. McGillivary

cc: Andrea O'Connor
    Counsel for Defendant
    Stephen P. Younger

Plaintiffs' application to file certain documents in redacted form is approved. The Court will file the unredacted documents under seal.

SO ORDERED.

Dated: May 15, 2015
New York, New York

GREGORY H. WOODS
United States District Judge